# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

(1) One LG cell phone, model LM-Q720TS, IMEI 3547881128210899

CURRENTLY LOCATED IN ATF NEW ORLEANS GROUP I'S EVIDENCE VAULT AT 1 GALLERIA BLVD., METAIRIE, LA 70001

Case No. 21-mc-201

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the __Eastern__ District of __Louisiana__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C., Section 841(a)(1) | Distribution of a controlled substance |
| Title 21, U.S.C., Section 846 | Conspiracy to distribute controlled substances |
| Title 18, U.S.C., Section 924 | Possession of a gun in furtherance of drug trafficking |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Matthew Lindberg
*Applicant's signature*

Special Agent Matthew Lindberg, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/2/21

*Judge's signature*

City and state: New Orleans, Louisiana

Hon. Karen Wells Roby, Chief U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br>(1) One LG cell phone, model LM-Q720TS, IMEI 3547881128210899<br><br>CURRENTLY LOCATED IN ATF NEW ORLEANS GROUP I'S EVIDENCE VAULT AT 1 GALLERIA BLVD., METAIRIE, LA 70001 | Case No. 21-mc-201 |

**<u>AFFIDAVIT</u>**

1. I am a Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been so employed since May 2015. I am currently assigned to the New Orleans Field Division, New Orleans Group I. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). As an ATF Special Agent, I am responsible for conducting investigations of Federal Firearms Laws, Explosives Laws, and other federal crimes. I am an ATF Firearms Interstate Nexus Expert, as well as a graduate of the Federal Law Enforcement Training Center and the ATF National Academy at Glynco, Georgia. Prior to the joining the ATF, I was employed as a police officer with the Metropolitan Police Department in Washington, D.C. for two years.

2. During my tenure with the ATF, I have been involved in various degrees and capacities with numerous investigations. These investigations involved illegal possession of firearms by prohibited persons, possession and use of firearms by narcotics traffickers, illegal sale or possession of machineguns and short-barrel shotguns or rifles, arsons of structures which affect interstate commerce, manufacturing and dealing of firearms without a license, and manufacturing and possessing, or using illegal explosive devices. Several of these investigations included conspiratorial relationships between multiple defendants and generally involved a series or pattern of criminal activities or multiple criminal schemes. I have also participated in multi-jurisdiction investigations.

3. On or about December 6, 2019, the District Court in the Western District of Missouri, located in Kansas City, Missouri, issued a federal arrest warrant for Yacub WILLIAMS for violating the terms of his supervised release.

4. Pursuant to information gathered over the course of an investigation into arresting WILLIAMS, on June 16, 2020, members of the United States Marshals Fugitive Task Force conducted surveillance on 209 Ridgeway Drive, Thibodaux, Louisiana, 70301, in an attempt to locate WILLIAMS and execute the arrest warrant. Thibodaux is in the Eastern District of Louisiana.

5. During the surveillance, Deputy US Marshal (DUSM) William Ingraham saw a black male exit the residence and unlock a white four-door sedan from a distance, apparently using a remote key fob. The vehicle was a 2015 white Ford Fusion bearing Missouri registration JB0C6X. The male entered the driver's seat for a short period of time, appearing to retrieve something from the vehicle. The male then walked around the right side of the residence to the back yard.

6. A few minutes later, the United States Marshals Service (USMS) Task Force team began approaching the home at 209 Ridgeway Drive in an attempt to contact any occupants and locate WILLIAMS. As the team approached, Task Force Officer (TFO) King Tao went to the rear of the structure by walking down the left side (west), while another member walked down the right side (east) of the structure to the rear. While entering the back yard, TFO Tao immediately encountered WILLIAMS running from the back-right (north-east) corner of the property. TFO Tao immediately recognized a pistol in WILLIAMS' right hand. TFO Tao gave WILLIAMS verbal commands to surrender, but WILLIAMS retreated to a nearby shed and barricaded himself with the pistol behind a detached water heater.

7. Shortly after WILLIAMS barricaded himself, he frantically uttered and yelled about things related to the current political climate, including the statement "I can't breathe." WILLIAMS appeared to calm down after a while, and advised the law enforcement officers that if they searched in the trunk of his car, they would find body armor, narcotics, and a firearm. DUSM Ingraham noted that WILLIAMS referred to the firearm using common slang terms like "heat" and "fire."

8. The standoff continued for several hours before WILLIAMS got out of the shed, unarmed, and indicated he wanted to surrender. Members of the Task Force took WILLIAMS into custody in the middle of the back yard. Lafourche Parish Sheriff's Office Lieutenant Josh Champagne recovered a set of car keys from where WILLIAMS was taken into custody. Law enforcement confirmed the set included the key fob and the car key that belonged to the white Ford Fusion that WILLIAMS was in before the standoff. Law enforcement also recovered a pistol from behind the water heater WILLIAMS used as a barricade, as well as WILLIAMS's cell phone (LG, model LM-Q720TS, IMEI 354788112821089) from the ground at the north-east corner of the property. The cell phone was on the ground near where TFO Tao first encountered WILLIAMS.

9. The Ford Fusion was transported to the Lafourche Parish Sheriff's Office, located at 1300 Lynn Street, Thibodaux, Louisiana, and placed in a secured location. On June 18, 2020, the Honorable Judge Janis van Meerveld signed a federal search warrant authorizing law enforcement to search the Ford Fusion.  On June 19, 2020, your affiant and additional law enforcement personnel searched the Ford Fusion and recovered several items of evidentiary value to include body armor, WILLIAMS's Missouri Driver's License, and two clear plastic baggies containing multicolored pills, suspected to be ecstasy/MDMA. The two bags weighed approximately 19.8 grams and 9.3 grams.  One baggie was located in the front driver's side door pocket and the second bag was located in a black backpack that was sitting on the rear driver's side seat.  Also in the same backpack, a small black scale was located and photographed.

10. Following his arrest, WILLIAMS was transported to Kansas City, Missouri for proceedings related to the alleged violation of his supervised release.  Your affiant is aware that prosecutors in the U.S. Attorney's Office for the Eastern District of Louisiana were working with their counterparts in the U.S. Attorney's Office for the Western District of Missouri to work out a plea deal that would encompass the conduct described above, as well as the conduct underlying the alleged violations of WILLIAMS's supervised release.  It is your affiant's understanding that WILLIAMS and the government were unable to reach an agreement, which prompted your affiant to seek the instant warrant in order to complete the investigation of the conduct in this District.

11. Specifically, your affiant believes for the reasons discussed below that WILLIAMS likely possessed the suspected ecstasy/MDMA with the intent to distribute it.  This is significant to the investigation because Congress has imposed enhanced penalties for individuals who possession firearms in furtherance of drug trafficking crimes under Section 924(c) of Title 18 of the United States Code.  Your affiant seeks a warrant to search the cellular telephone recovered on the scene

of the standoff, which is now in ATF custody, for evidence that WILLIAMS possessed the suspected ecstasy/MDMA with the intent to distribute it and therefore possessed the firearm in furtherance of a drug trafficking crime.

12. In my training and experience, approximately 29 grams of suspected ecstasy/MDMA is more than a personal use amount and is consistent with distribution. Also, the small scale located in the same backpack as one of the baggies of suspected narcotics is commonly used to weigh personal amounts of narcotics at the time of sale to individuals. Further, I am aware that drug dealers routinely carry firearms in order to protect themselves from theft of drugs or proceeds and that WILLIAMS had a firearm. Based on these factors, it is believed that WILLIAMS was engaging in narcotics trafficking, specifically the distribution of ecstasy/MDMA.

13. In my training and experience, which has included extensive work on cases involving the possession of firearms while distributing narcotics, it is common for drug distributors to use a cell phone as a means for communication to talk to their suppliers, as well as to their purchasers. Cellphones also regularly contain evidence indicating who was using the phone, which is relevant to proving the items in the vehicle were associated with WILLIAMS, as believed. In my training and experience, it is also common for individuals selling narcotics to take pictures of the product to share with potential customers or to receive photos/videos of product from suppliers. These photographs/videos may show co-conspirators, as well as illicit drugs and currency derived from the sale of illicit drugs. This is particularly true with ecstasy/MDMA, which, as was the case here, is often sold via pills that come in different sizes and color and with different markings. Suspects' call logs often show calls arranging for the illicit receipt and delivery of controlled substances, stored numbers identify suppliers of illicit narcotics, and text messages may concern conversations along these lines as well. These features of WILLIAMS' phone may contain similar evidence of

his drug distribution activities. For example, text messages could show a conversation with a seller haggling over the drugs' cost or arranging a location to meet for the exchange. Similarly, WILLIAMS could have his source of drugs listed in his contacts as "dealer" or some similar name, and recent calls with such a person could show a recent purchase.

14. WILLIAMS is a convicted felon. On January 28, 2009, the District Court in the Western District of Missouri convicted WILLIAMS of Bank Robbery in violation of 18 U.S.C. §§ 2113 (a) and (d), and of Using a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(a). WILLIAMS was sentenced to a total of 121 months of imprisonment and was on supervised release at the time of the incidents described herein.

15. Based on the foregoing information, my training, and experience, I believe this affidavit demonstrates probable cause for the issuance of a search warrant for the LG cell phone, model LM-Q720TS, IMEI 354788112821089, currently located in ATF New Orleans Group I's Evidence Vault at 1 Galleria Blvd., Metairie, LA 70001 for violation of 21 U.S.C. § 841(a)(1), Possession with the Intent to Distribute a Controlled Substance, as well as conspiracy to distribute.

        Respectfully submitted,

        *s/ Matthew Lindberg*
        Matthew Lindberg
        Special Agent
        ATF

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41 (d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the

complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Sworn and subscribed before me this  2nd  day of  February  , 2021.

_____
HONORABLE KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

## DESCRIPTION OF PROPERTY

1. The property to be searched is a LG cell phone, model LM-Q720TS, IMEI 354788112821089, currently located in ATF New Orleans Group I's Evidence Vault at 1 Galleria Blvd., Metairie, LA 70001

2. This warrant authorizes the forensic examination of the device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

## ITEMS TO BE SEARCHED FOR/SEIZED FROM TARGET CELL PHONE

1. All records and data on the device described in Attachment A that relate to violations of federal firearm laws (specifically possession of a firearm in furtherance of drug trafficking and/or felon in possession of a firearm) and federal narcotics laws (specifically possession with the intent to distribute ecstasy/MDMA and conspiracy to do the same):

    a. Any subscriber information, contact information to include, names, addresses, telephone numbers, email addresses or other identifiers;

    b. Any call log information, including missed, incoming and outgoing calls and any information associated with those numbers;

    c. Any incoming or outgoing voicemail messages;

    d. Any photographs, video, and audio files;

    e. Any text messages, email messages, chats, multimedia messages, installed applications or other electronic communications, as such messages may be sent through applications such as Facebook Messenger or What's App rather than traditional phone to phone text messaging; and

    f. Any Global Positioning Satellite (GPS) entries, Internet Protocol Connections, Location entries to include Cell Tower and WiFi entries, as WILLIAMS' location may provide relevant evidence of his drug trafficking activities.

2. Evidence of user attribution showing who used or owned the subject phone at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data, including but not limited to micro SD cards) and any photographic form.